FILED IN OPEN COURT
JACKSONVILLE, FLORIDA

5|11|26

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 3:25-cr-209-BJD-PDB

FRANCESCA CHARLES

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, and the defendant, FRANCESCA CHARLES, and the attorney for the defendant, SCOTT SCHMIDT, Esq., mutually agree as follows:

**A.    Particularized Terms**

1.    Count(s) Pleading To

The defendant shall enter a plea of guilty to Count One, Two, and Three of the Indictment.  Count One charges the defendant with conspiracy to smuggle goods and unlawfully ship firearms, in violation of 18 U.S.C. § 922(e), 554(a), and 371. Count Two of the Indictment charges the defendant with smuggling goods from the United States, in violation of 18 U.S.C. §§ 554(a) and 2. Count Three charges the defendant with unlawfully shipping firearms, in violation of 18 U.S.C. §§ 922(e), 924(a)(1)(D), and 2.

Defendant's Initials  FC                                    AF Approval *NMA*

2.    Maximum Penalties

Count One is punishable by a term of imprisonment not more than five years, a fine of up to $250,000, or both imprisonment and a fine, a term of supervised release of not more than three years, and a special assessment of $100, said special assessment to be due on the date of sentencing. A violation of the terms and conditions of supervised released is punishable by not more than two years additional imprisonment.

Count Two is punishable by a term of imprisonment not more than 10 years, a fine of up to $250,000, or both imprisonment and a fine, a term of supervised release of not more than three years, and a special assessment of $100, said special assessment to be due on the date of sentencing. A violation of the terms and conditions of supervised released is punishable by not more than two years additional imprisonment.

Count Three is punishable by a term of imprisonment not more than five years, a fine of up to $250,000, or both imprisonment and a fine, a term of supervised release of not more than three years, and a special assessment of $100, said special assessment to be due on the date of sentencing. A violation of the terms and conditions of supervised released is punishable by not more than two years additional imprisonment.

Defendant's Initials F C

2

The cumulative penalty is a term of imprisonment of not more than 20 years, a fine of up to $750,000, or both imprisonment and a fine, a term of supervised release of not more than three years, and a special assessment of $300, said special assessment to be due on the date of sentencing. A violation of the terms and conditions of supervised released is punishable by not more than six years additional imprisonment.

3.    Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

First:      Two or more persons in some way agreed to try to accomplish a shared and unlawful plan to smuggle goods and ship firearms;

Second:     the Defendant knew the unlawful purpose of the plan and willfully joined in it;

Third:      during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

Fourth:     the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

Defendant's Initials FC                  3

The elements of Count Two are:

First:    The Defendant, aiding and abetting another, knowingly and fraudulently exported merchandise as described in the indictment;

Second:    The Defendant's exportation was contrary to federal law or regulation; and

Third:    The Defendant knew the exportation of the merchandise was contrary to law or regulation.

The elements of Count Three are:

First:    The Defendant, aiding and abetting another, knowingly delivered or caused to be delivered to a carrier a package or other container in which there were firearms;

Second:    the package or container was to be transported between a foreign nation and the United States;

Third:    the package or container was to be transported to a person who was not licensed as a firearms dealer, manufacturer, importer, or collector; and

Fourth:    the Defendant(s) did not give written notice to the carrier that there were firearms in the package or container.

4.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the

Defendant's Initials F C                4

United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

5.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot

Defendant's Initials F C                                5

and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

6.    Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require.    If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.    If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as

Defendant's Initials F C                    6

"substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

7.    Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

8.    Cooperation - Responsibilities of Parties

a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the

Defendant's Initials F C                        7

defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)    The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)    The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony

Defendant's Initials F C                                8

charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

Defendant's Initials F C       9

(5)    The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

9.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. §§ 924(d) and 981(a)(1)(C), and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed

Defendant's Initials F C                    10

by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

Defendant's Initials FC                11

The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this

Defendant's Initials _Fc_                          12

agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

10.    Abandonment of Property

The defendant acknowledges that she has an ownership interest in the following items of property:

a. A Century Arms AK-47 rifle, bearing serial number BFT47022907;

b. A Century Arms AK-47 rifle, bearing serial number BFT47025117;

c. A Century Arms AK-47 rifle, bearing serial number BFT47023953;

d. A Century Arms, model WASR-10, bearing serial number 1-6367-99;

e. A Century Arms, model WASR, bearing serial number 21-A1-88221;

f. A Century Arms, model WASR M, bearing serial number RON2053426;

Defendant's Initials F C          13

g.  A Century Arms, model VSKA, bearing serial number SV7004894;

h.  A Glock, model 17 pistol, bearing serial number CDTT201;

i.  A Glock, model 17 pistol, bearing serial number CDYB463;

j.  A Glock, model 19 pistol, bearing serial number CDPZ727;

k.  A Glock, model 17 pistol, bearing serial number BNHH831;

l.  A Glock, model 19 pistol, bearing serial number AHNU798;

m.  A Masterpiece Arms, unknown model, bearing serial number FX48666;

n.  An unknown manufacturer, model WASR-10 bearing serial number A1-42100-15; and

o.  An unknown manufacturer, model WASR-10 bearing serial number ROA 2241-98115.

The defendant understands that she has the right and opportunity to claim the listed property.  The defendant hereby knowingly and voluntarily waives all right, title, and interest in the listed property. The defendant waives, releases, and withdraws any claim that the defendant has made with respect to the listed property, and waives and releases any claim that the defendant might otherwise have made to the listed property in the future.

Defendant's Initials _FC__                    14

The defendant consents to the vesting of title to the listed property to the United States Government, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. The defendant also consents to the destruction of the property, or other disposition of the property in accordance with law, and without further notice to the defendant.

The defendant waives any right the defendant might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take, in its sole discretion, to carry out the abandonment, disposition, and/or destruction of the listed property. The defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the listed property, including any such claim for attorney's fees and litigation costs.

The defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the listed property.

Defendant's Initials FC            15

**B.   Standard Terms and Conditions**

1.      Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

Defendant's Initials _FC_                    16

Case 3:25-cr-00209-BJD-PDB Document 62 Filed 05/11/26 Page 17 of 29 PageID 249

2. Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to

Defendant's Initials FC              17

make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.      Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that her financial statement and disclosures will be complete, accurate and truthful and will include all assets in which she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.  The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.  The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any

Defendant's Initials _FC_                18

assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's

Defendant's Initials FC            19

sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will

Defendant's Initials FC            20

bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine

Defendant's Initials _FC_                    21

the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials _FC_                    22

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _____ 9th _____ day of __ April __ 2026.

GREGORY W. KEHOE
United States Attorney

FRANCESCA CHARLES
Defendant

ELISIBETH ADAMS
Assistant United States Attorney

SCOTT SCHMIDT, Esq.
Attorney for Defendant

MICHAEL COOLICAN
Assistant United States Attorney
Chief, Jacksonville

Defendant's Initials F C                         23

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 3:25-cr-209-BJD-PDB

FRANCESCA CHARLES

PERSONALIZATION OF ELEMENTS

Count One:

1. Do you admit that beginning no later than in or about January 2025, continuing through in or about February 2025, you and at least one other person agreed to try to accomplish a shared and unlawful plan to obtain firearms from federally licensed firearms dealers and then cause those firearms to be shipped surreptitiously from the United States to the Dominican Republic and Haiti?

2. Do you admit that you knew the unlawful purpose of the plan and willfully joined in it?

3. During the conspiracy, did you knowingly engage in at least one overt act as described in the Indictment, including but not limited to purchasing firearms and causing the firearms to be loaded onto a shipping container without declaring the firearms?

Defendant's Initials _FC_                    24

4. Do you admit that the overt acts were committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy?

Count Two:

1. Do you admit that beginning no later than in or about January 2025, and continuing through in or about February 2025, in the Middle District of Florida and elsewhere, you, aiding and abetting another, fraudulently and knowingly exported firearms, magazines, and ammunition to the Dominican Republic and Haiti?

2. Do you admit that the exportation of these firearms, magazines, and ammunition was contrary to federal law or regulation?

3. Did you know the exportation of these firearms, magazines, and ammunition was contrary to law or regulation?

Count Three:

1. Do you admit that beginning no later than in or about January 2025, and continuing through in or about February 2025, you, aiding and abetting another, knowingly delivered or caused to be delivered to a carrier package or container in which there were firearms?

Defendant's Initials _FC_                25

2. Do you admit that the package or container was to be transported to a foreign nation, that is Haiti and the Dominican Republic, from the United States?

3. Do you admit the package or container was to be transported to a person who was not a licensed firearms dealer, manufacturer, importer, or collector?

4. Do you admit that you did not give written notice to the carrier that there were firearms in the package or container?

Defendant's Initials _Fc___                    26

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 3:25-cr-209-BJD-PDB

FRANCESCA CHARLES

## FACTUAL BASIS

In May 2025, agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and Homeland Security Investigations (HSI) received a tip that a firearm purchased by a third-party was recovered in the Dominican Republic (D.R.) on February 25, 2025. Through additional research, agents learned that three other individuals, Francesca Charles, the defendant, Jacques Pierre, and Jeff Pierre, were also purchasers of numerous firearms recovered during the same seizure in the D.R.

In all, D.R. authorities seized 18 rifles, five handguns, firearms magazines (including high-capacity magazines), over 36,000 rounds of ammunition, and a silencer from a shipping container that was sent by the defendant and co-conspirators from the Miami, Florida to the D.R. The shipping container was destined for Haiti, and the firearms and ammunition were not listed on the shipping manifest, which instead listed household goods. Records showed that the defendant and co-conspirators assisted in paying for

Defendant's Initials _FC_                 27

and setting up the shipment of the container. Travel records also showed that the defendant and co-conspirators traveled to the D.R. three days before the shipping container was intercepted and were arrested in Haiti by Haitian authorities while trying to flee the country.

Throughout the investigation, agents learned that the defendant and co-conspirators were the purchasers of at least 20 of the 23 firearms seized from the shipping container. All firearms purchased by the defendant and co-conspirators were purchased in Jacksonville, Florida, within the Middle District of Florida. The firearms were then transported from Jacksonville to Miami.

Agents learned that the defendant and co-conspirators purchased at least 46 firearms from eight different federally licensed firearms dealers between May 2024 and February 2025, most of which were the same make and model as the firearms recovered in the D.R. Thirty-seven of those firearms were purchased between August 9, 2024, and February 10, 2025. The defendant purchased at least 24 of the 46 firearms. Agents also obtained records that Jacques Pierre purchased two Barrett .50-caliber rifles, which are heavy-duty military-style weapons that are typically mounted to the tops of vehicles and used in furtherance of violence by gangs and cartels. One of the Barrett rifles was recovered in the aforementioned shipment in February 2025. The second

Defendant's Initials _FC_              28

Barrett rifle was recovered in Haiti in November 2025 during a clash between Haitian Police and an armed gang.

Travel and shipping records showed that the defendant and co-conspirators would facilitate a shipment to Haiti shortly after purchasing a large number of firearms, then one or more of them would travel to Haiti around the time the shipment was scheduled to arrive in Haiti. This occurred at least four times, including the February 2025 trip. Travel records showed the defendant traveled with Jacques Pierre and/or Jeff Pierre at least three of the four times.

Cell phone records reflected that, on the day, or day before, firearms were purchased, the defendant and co-conspirators exchanged an increased number of calls without each other. Additionally, a federal search warrant for Jacques Pierre's iCloud was obtained. A review of his iCloud revealed communications in which Jacques Pierre coordinated gun purchases with people who had a Haitian area code, including sending photos of firearms from inside an authorized gun store.

The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all the events, persons involved, or other information relating to this case.

Defendant's Initials _FC_                    29